## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

THOBURN LIMITED PARTNERSHIP and
JOHN M. THOBURN,

Debtors.

Case No. 12-11243-RGM
(Chapter 11)

Jointly Administered

### MEMORANDUM OPINION

THIS CASE was before the court for valuation of the debtors' real property for purposes of confirmation of its proposed chapter 11 plan. The debtors accumulated about 15 parcels of unimproved real property. Their plan of reorganization provides that the property will be sold to a developer. The contract is subject to the contingency that the property be re-zoned to a higher density.

The appraiser presented two valuations. The first was an "as-is" market value and the second was a "highest and best use" market value. The as-is market value was defined as:

> the estimate of the market value of real property in its current physical condition, use, and zoning as of the appraisal date.

The highest and best use valuation was defined as:

> The reasonably probable and legal use of vacant land or an improved property that is physically possible, appropriately supported, financially feasible, and that results in the highest value. The four criteria the highest and best use must meet are legal permissibility, physical possibility, financial feasibility, and maximum productivity. Alternatively, the probable use of land or improved property – specific with respect to the user and timing of the use–that is adequately supported and results in the highest present value.

The as-is valuation is $15.6 million. The highest and best use valuation is $34.1 million.

In arriving at the as-is valuation, the appraiser found comparable properties zoned as the

debtors' property is currently zoned and established a value from those comparable properties. The appraiser did the same thing for the highest and best use, but used comparable properties already zoned with the anticipated re-zoning, a zoning he opined that was reasonably likely to be obtained.

Section 506(a) permits the bifurcation of a claim into its secured and unsecured portions. The value "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in connection with any hearing on such disposition or use or on a plan affecting such creditor's interests." 11 U.S.C. §506(a).

The as-is valuation is inappropriate because it values the property in its present condition anticipating a cash sale in the near future. This is not the proposed disposition of the property. The plan proposes to sell the property to a developer subject to the contingency of re-zoning and, when the re-zoning has been obtained in 24 months, to close on the contract. The appraiser testified that this would normally be the manner in which the property would be sold and that no purchaser would purchase it with its present zoning and continue to use it in its present zoning.

The highest and best use valuation is the appropriate valuation in this instance because it is the intended disposition of the property. *In re Balbus,* 933 F.2d 246 (4th Cir. 1991). It is in accordance with the chapter 11 plan and the contract with the developer. The appraiser discounted the future cash to be received under the contract to the present value which gives the present market value of the property. The discount rate took into consideration the contractual contingency.

For purposes of the confirmation hearing and the creditors' §1111(b) election, the highest and best use valuation is the appropriate valuation and the value of the property is $34.1 million.

Alexandria, Virginia
October 3, 2013

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Bradford F. Englander
Justin Fasano
Christopher A. Jones
Jeffery T. Martin, Jr.
Kevin M. O'Donnell
Jack Frankel
Madeline A. Trainor
Justin F. Pagett

18787